**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4640

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY DUANE COOL,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:24-cr-00011-TSK-MJA-1)

Submitted:  April 23, 2026                                     Decided:  April 28, 2026

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Katy J. Cimino, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Bridgeport, West Virginia, for Appellant.  Stephen Donald Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Duane Cool pled guilty, pursuant to a plea agreement, to possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a), (b)(1)(A). The district court sentenced Cool to 188 months' imprisonment, within his advisory Sentencing Guidelines range. On appeal, Cool's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Cool's guilty plea is valid. Cool was advised of his right to file a pro se supplemental brief, but he has not done so. The Government has declined to file a brief. We affirm.

Because Cool did not move to withdraw his plea "or otherwise challenge his plea before the district court," our review is for plain error. *United States v. Garrett*, 141 F.4th 96, 103 (4th Cir. 2025). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of—and ensures that the defendant understands—the nature of the charge to which he is pleading guilty, the minimum and maximum penalties he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1). The court must also ensure that the plea is voluntary and not the result of threats, force, or promises outside of those in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a sufficient factual basis supports the plea, Fed. R. Crim. P. 11(b)(3). "[A] properly conducted Rule 11 colloquy raises a strong presumption that the plea is final and binding." *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023) (internal quotation marks omitted).

2

Here, the magistrate judge fully complied with Rule 11 and properly found that Cool's plea was knowing, voluntary, and supported by an independent factual basis.[*] Accordingly, we conclude that the district court did not err—plainly or otherwise—in accepting the plea.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cool, in writing, of the right to petition the Supreme Court of the United States for further review. If Cool requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cool.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Cool consented to proceed before a magistrate judge.